

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8  PAUL S. KLEIN,                              )
                                               )
9            Plaintiff,                         )
                                               )
10       v.                                     )        3:11-cv-839-RCJ-VPC
                                               )
11  INA HOPE ROBERTSON and JAMES                )        **ORDER**
    ROBERTSON,                                  )
12                                             )
            Defendants.                         )
13                                             )
   _____
14
15          Currently before the Court is a Motion to Dismiss (#43).

16                               **BACKGROUND**

17          In November 2011, *pro se* Plaintiff Paul S. Klein, an inmate at the Northern Nevada

18  Correctional Center ("NNCC"), filed a complaint against *pro se* Defendants Ina Hope

19  Robertson and James Robertson (collectively "Defendants"). (Compl. (#4) at 1).  Plaintiff

20  alleged diversity jurisdiction because Plaintiff was a citizen of Nevada and Defendants were

21  citizens of Meadview, Arizona. (*Id.* at 1-2).  Ina and James were mother and son. (*Id.* at 2).

22  Plaintiff appears to be Ina's ex-husband and James' former stepfather. (*See id.*).  Plaintiff

23  alleged that, on January 27, 2010, a correctional officer at NNCC opened, read, and inspected

24  a letter addressed to Plaintiff from James. (*Id.*).  In the letter, James had threatened Plaintiff

25  and had attempted extortion by making false allegations of sexual assault and child

26  molestation in order to coerce Plaintiff into stopping all legal action against Ina for 50% interest

27  in their Meadview, Arizona, home. (*Id.*).  The next day, Plaintiff responded to the letter and

28  refused to "bow down to the extortion and coercion." (*Id.*).  On April 23, 2010, Ina filed a

document entitled "Response to Motion to Modify Divorce" where she stated in a public record

1  that Plaintiff was a "PEDOPHILE" which was false and slanderous. (*Id.*).

2  　　The complaint alleged the following. (*Id.* at 3). On January 18, 2010, Defendants
3  conspired and wrote a letter to Nevada prisoner, Brandon Parish, for the purpose of enlisting
4  his help in having Plaintiff assaulted or killed in prison through the use of false allegations of
5  child molestation to motivate Parish to harm Plaintiff. (*Id.*). Child molesters were hated in all
6  prison environments. (*Id.*). Parish gave Plaintiff the letter to use as evidence because Parish
7  knew that Plaintiff was not a child molester. (*Id.*).

8  　　The complaint alleged the following. (*Id.*). Defendants called Kym Martinez, Plaintiff's
9  sister, several times and told her that Plaintiff was a child molester for the purposes of ending
10 Plaintiff's ties with his sister. (*Id.*). Defendants also called and wrote to Ricky Foote, another
11 Nevada prisoner, and told Foote that Plaintiff had molested James for the purpose of gaining
12 Foote's assistance in having Plaintiff assaulted or killed by other prisoners. (*Id.*). Defendants
13 also called and wrote to Teresa Foote in North Las Vegas and told her that Plaintiff had
14 molested James between the ages of 10 and 12 years old in an attempt to terminate Plaintiff's
15 friendship with the Foote family. (*Id.*). Defendants continued to tell other individuals that
16 Plaintiff was a child molester despite knowing that the claim was "absolutely false and said
17 only to harm, damage and destroy Plaintiff and his name." (*Id.* at 4). Plaintiff alleged that the
18 words spoken were "false and defamatory." (*Id.*). As a result of the defamatory and
19 slanderous words, "Plaintiff was injured in his reputation and ha[d] suffered great pain and
20 mental anguish to his damage in the sum of at least $75,000.00." (*Id.*). Plaintiff sought
21 general/compensatory damages in excess of $75,000 per defendant, punitive damages in
22 excess of $75,000 per defendant, separate damages for pain and mental anguish in excess
23 of $75,000 per defendant, injunctive relief, written retraction and formal published apology
24 from each defendant, all costs, and attorney's fees. (*Id.* at 4-5).

25  **LEGAL STANDARD**

26 　　Normally, a court's review of a Rule 12(b)(6) motion is limited to the complaint itself.
27 *Carstarphen v. Milsner*, 594 F.Supp.2d 1201, 1207 (D. Nev. 2009). If the district court relies
28 on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as

2

1 | one for summary judgment and give the non-moving party an opportunity to respond. Fed. R.
2 | Civ. P. 12(d).

3 | **DISCUSSION**

4 | Defendants file a motion entitled "motion to dismiss" but attach 17 exhibits to the motion.
5 | (*See generally* Mot. to Dismiss (#43)). Defendants acknowledge that Plaintiff denies molesting
6 | James when he was 12 and 13 years old and that Plaintiff denies authoring several letters
7 | attached as exhibits. (*Id.* at 1). Defendants state that exhibits D3 through D5 were "cleaned
8 | up" but contain Plaintiff's writing and signature. (*Id.*). Defendants admit that James sent a
9 | letter to Plaintiff in January 2010 telling Plaintiff to stop harassing his mother or he would finally
10 | tell her about the molestation. (*Id.*). Defendants assert that Plaintiff and Ina were married in
11 | 1997 and that Ina had no idea that Plaintiff had molested James in 1988 and 1989. (*Id.* at 2).
12 | Defendants deny asking Parish or anyone else to harm or kill Plaintiff. (*Id.* ). Defendants state
13 | that exhibit D16 is the letter that Ina wrote to Parish but that the date is altered. (*Id.*).
14 | Defendants deny any attempts of extortion, injury, or murder. (*Id.*). Defendants assert that
15 | credibility attacks on themselves do not change the fact that what they claim about Plaintiff is
16 | true. (*Id.* at 3). Defendants contend that Plaintiff convinced James to remain quiet all these
17 | years and now the statute of limitations has expired for the prosecution of child molestation.
18 | (*Id.*).

19 | Defendants attach multiple handwritten letters and one typed letter dated between 1991
20 | and 2010 allegedly from Plaintiff to James. (*See* Exhibit List (#43) at 6). Defendants also
21 | attach handwritten letters from Plaintiff to Ina. (*See id.* at 6-7). Defendants also attached
22 | minutes from the Arizona divorce proceeding, an order dismissing Plaintiff's slander suit
23 | originally filed in Carson City for lack of jurisdiction, and the Nevada Supreme Court's
24 | affirmance of that dismissal. (*See id.* at 6-7, 61-62, 64-66). Defendants assert that exhibit D1
25 | describes what Plaintiff did to James and that, in exhibit D2, Plaintiff admits to liking young
26 | boys. (*See* Mot. to Dismiss (#43) at 1).

27 | In response, Plaintiff argues that the motion to dismiss should be converted into a
28 | motion for summary judgment and that he should be given the opportunity to submit his own

3

1  evidence. (Opp'n to Mot. to Dismiss (#50) at 3).  Plaintiff asserts that Defendants' exhibits are
2  inadmissible because they are not authenticated letters. (*Id.* at 6).  Plaintiff denies sexually
3  molesting or assaulting James and asserts that Defendants only made the false claim for the
4  purpose of extorting property by getting Plaintiff to stop his legal efforts to collect the money
5  owed to him in the divorce proceeding. (*Id.* at 7, 14).  Plaintiff denies writing exhibits D12 and
6  D13 in their present form because they contain alterations. (*Id.* at 11).  Plaintiff asserts that
7  exhibits D7, D8, and D9 do not provide any facts supporting a molestation claim.  (*Id.*).
8  Plaintiff states that he will not authenticate those letters and Defendants need an expert to
9  verify Plaintiff's handwriting. (*Id.* ).  Plaintiff denies authoring exhibits D1, D2, D3, D4, and D5.
10 (*Id.* at 11-12).  Plaintiff admits to authoring exhibit D6.  (*Id.* at 12).  Plaintiff disputes the
11 authenticity of the letters. (*Id.* at 15-16).

12        In reply, Defendants argue that Plaintiff denies writing the letters but does not address
13 his signature on all of the letters. (Reply to Mot. to Dismiss (#51) at 1).

14        Federal courts have an obligation to consider *sua sponte* whether they have subject
15 matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  Pursuant
16 to 28 U.S.C. § 1332, federal district courts have original jurisdiction over a civil action where
17 the matter in controversy exceeds the sum or value of $75,000 and is between citizens of
18 different states.  28 U.S.C. § 1332(a)(1).

19        "The amount in controversy is normally determined from the face of the pleadings."
20 *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).  In *St.*
21 *Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82
22 L.Ed. 845 (1938), the Supreme Court described the test this way: "[t]he rule governing
23 dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives
24 a  different rule, the sum claimed by the plaintiff controls if the claim is apparently made in
25 good faith." *Id*. at 363-64. "It must appear to a legal certainty that the claim is really for less
26 than the jurisdictional amount to justify dismissal." *Id*. at 364.  Three situations clearly meet
27 the legal certainty standard: "(1) when the terms of a contract limit the plaintiff's possible
28 recovery; (2) when a specific rule of law or measure of damages limits the amount of damages

4

1  recoverable; and (3) when independent facts show that the amount of damages was claimed

2  merely to obtain federal court jurisdiction." *Id*.

3        In this case, the Court finds that it lacks diversity jurisdiction over the state law claims

4  for defamation and slander. The Court notes that, in December 2010, Plaintiff filed a slander,

5  libel, emotional distress, and civil rights violation complaint against Defendants in the First

6  Judicial District Court in Carson City, Nevada. (*See* Exhibit D14 (#43) at 61; Exhibit D15 (#43)

7  at 64)[1]. In that case, the state court found that Defendants' only contact with the State of

8  Nevada was sending a letter through the U.S. mail to Plaintiff at NNCC that asserted that

9  Plaintiff had sexually assaulted James in Arizona. (*Id.* ). The state court found that "[g]iven

10  the nature of the allegations stemming from acts allegedly performed in Arizona, the real

11  property in interest being located in Arizona, and the Defendants residing in Arizona" there

12  was a lack of jurisdictional nexus to the state. (*Id.* at 61-62). The state court dismissed the

13  case for lack of jurisdiction. (*Id.* at 62). On September 15, 2011, the Nevada Supreme Court

14  affirmed the dismissal for lack of personal jurisdiction. (Exhibit D15 (#43) at 64-66).

15        The Court notes that, after the Nevada Supreme Court issued an order affirming the

16  state court's dismissal for lack of personal jurisdiction, Plaintiff filed a complaint in federal court

17  alleging defamation and slander for damages in excess of $75,000. (*See* Compl. (#4)).

18  Plaintiff's complaint alleges general/compensatory damages in excess of $75,000 per

19  defendant, punitive damages in excess of $75,000 per defendant, separate damages for pain

20  and mental anguish in excess of $75,000 per defendant, injunctive relief, written retraction and

21  formal published apology from each defendant, all costs, and attorney's fees. (*See id.* at 4-5).

22  The Court finds that Plaintiff is now claiming $75,000 in damages in an attempt to merely

23  obtain federal jurisdiction after a Nevada state court dismissed his case for lack of personal

24  jurisdiction. The Court finds with legal certainty that Plaintiff's claims for defamation and

25  slander claims are for less than $75,000 and dismisses the case for lack of subject matter

26

27       [1] The Court notes that Plaintiff does not dispute the authenticity of the orders from the

28  First Judicial District or the Nevada Supreme Court. (Opp'n to Mot. to Dismiss (#50) at 19). Instead, Plaintiff disputes their relevance in a motion to dismiss. (*Id.*).

1  jurisdiction.

2                                    **CONCLUSION**

3          For the foregoing reasons, IT IS ORDERED that the Court lacks subject matter

4  jurisdiction over this case.

5          IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#43) is DENIED for

6  lack of subject matter jurisdiction.

7          The Clerk of the Court shall enter judgment in this case.

8

9          DATED: This 17th day of May, 2013.

10

11                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6